IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kalvin Dontay Hunt | ) C/A No. 8:16-202-TMC-JDA |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| The County of Beaufort, | ) |
| Defendant. | ) |

Kalvin Dontay Hunt ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff apparently is detained at the Columbia Regional Care Center.[1] He files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges the following facts. On or about February 26, 2012, Plaintiff became a detainee in the Beaufort County Detention Center facing a criminal murder charge. [Doc. 1.] He was exposed to infectious diseases, including staff infection and tuberculosis. [*Id.*] The conditions in the detention center were unfavorable and harmful. [*Id.*] Because of the poor conditions, an open wound on Plaintiff's right foot became infected. [*Id.*] "Plaintiff was subject to catch tuberculosis in detention center. Plaintiff was subject to sexual assault by another inmate." [*Id.*]

For his relief, Plaintiff seeks a "DHEC investigation" and damages. [*Id.*]

This Court takes judicial notice that on or about October 28, 2015, Plaintiff filed a civil action against the Beaufort County Detention Center and several individuals, and on

---

[1] It appears that Plaintiff is in the custody of the South Carolina Department of Mental Health.

February 4, 2016, this Court dismissed the Beaufort County Detention Center without prejudice. *See* Order, *Hunt v. Beaufort Cnty. Det. Ctr. et al.*, C/A No. 8:15-4386-TMC-JDA (D.S.C. Feb. 4, 2016), ECF No. 38. In this prior action, Plaintiff complains about the unsanitary conditions of the detention center and his foot wound becoming infected; he seeks damages and a DHEC investigation. *See* Report and Recommendation, *Hunt v. Beaufort Cnty. Det. Ctr. et al.*, C/A No. 8:15-4386-TMC-JDA (D.S.C. Dec. 17, 2015), ECF No. 17. This prior action is still pending.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for

2

him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although Beaufort County is considered a person subject to suit pursuant to § 1983, local government bodies may be liable only where official policy or custom caused a plaintiff's injury. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 689–90 (1978). A county is not vicariously liable under § 1983 for its employees' actions. *Connick*, 131 S. Ct. at 1359. Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, Plaintiff makes no such allegation, so he fails to state a claim on which relief may be

granted.

Additionally, Plaintiff's claim seems to be frivolous or malicious because this Court has already explained to Plaintiff that Beaufort County cannot be sued pursuant to § 1983 unless official policy or custom caused his injury. *See* Report and Recommendation, *Hunt v. Beaufort Cnty. Det. Ctr. et al.*, C/A No. 8:15-4386-TMC-JDA (D.S.C. Dec. 17, 2015), ECF No. 17. However, Plaintiff brings a similar meritless claim again.

## **RECOMMENDATION**

It is recommended that this action be dismissed without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

May 6, 2016                                                   S/Jacquelyn D. Austin
Greenville, South Carolina                          United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).